IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ENVIRONMENTAL CONSTRUCTION SERVICES, INC.,** *et al.* | : : : : | **CIVIL ACTION** <br> **NO. 19-3477** |
| *Plaintiffs* | : : | |
| **v.** | : : | |
| **DOMINIC MENTA,** *et al.* <br> *Defendants* | : : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                APRIL 22, 2022

## MEMORANDUM OPINION

**INTRODUCTION**

Plaintiffs Environmental Construction Services, Inc. ("ECSI360"), Element Mechanical Services LLC ("Element"), and Limbach360, LLC ("Limbach360"), three related entities in the business of providing full-service construction and engineering services in the HVAC industry, commenced this civil action against Defendants Dominic Menta ("Menta"), Environmental Control Services, Inc., and ECSI II, Inc., alleging, *inter alia*, various claims premised on an allegation that Menta was effectively diverting business away from Plaintiffs and toward himself and/or his other wholly owned businesses. Defendants responded to the complaint with numerous counterclaims and, along with Environmental Control Solutions, Inc. ("Solutions"), initiated a largely overlapping third-party action naming Michael A. Brown ("Brown"), Raptor360, LLC, and others.[1]

---

[1] For purposes of clarity, this Opinion will refer to ECSI360, Element, Limbach360, Brown, Raptor360, LLC, and Environmental Construction Services, Inc., collectively as "Plaintiffs," and Menta, Environmental Control Services, Inc., and ECSI II, Inc. collectively as "Defendants."

Before the Court is Plaintiffs' partial motion for summary judgment with respect to (1) Menta's derivative claims on behalf of ECSI360 and (2) Defendants' breach of contract claims premised on various allegedly unpaid loans and/or invoices. [ECF 100]. Defendants have opposed the motion. [ECF 102]. The issues raised by the parties have been fully briefed and are ripe for disposition.[2] For the reasons set forth herein, Plaintiffs' motion is granted with respect to Menta's derivative claims and Defendants' breach of contract claims that accrued prior to November 1, 2015.

**BACKGROUND**

When ruling on a motion for summary judgment, a court must consider all record evidence and supported relevant facts in the light most favorable to the non-movant—here, Defendants. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011). The facts relevant to the underlying motion are summarized as follows:[3]

> Plaintiff ECSI360 is a full-service construction and engineering firm in the HVAC industry formed in July 2010 by Brown and Defendant Menta. Brown is the majority owner of ECSI360, and Menta is the minority owner. Brown serves as ECSI360's president and chief executive officer, and Menta serves as its vice president and secretary. Plaintiffs Element and Limbach360 are wholly owned subsidiaries of ECSI360. Menta wholly owns two other companies—Defendants Environmental Control Services, Inc., and ECSI II, Inc. (collectively, "Environmental Control Services")—and Brown wholly owns Raptor360.
>
> Over the course of Brown and Menta's business relationship, Menta and his companies loaned Brown, ESCI360, and Element funds to allow Brown and his companies to make ends meet and keep their businesses operational. Menta claims that these loans remain unpaid. Menta's companies, Environmental Control Services and Solutions, also performed various services for Brown and/or his companies, the invoices for which also remain unpaid. The facts and evidence supporting these loans/invoices are disputed and discussed more fully below.

---

[2]  This Court has also considered Plaintiffs' reply. [ECF 110].

[3]  These facts are taken from the parties' briefs, exhibits, and statements of facts. To the extent that any facts are disputed, such disputes will be noted and, if material, will be construed in Defendants' favor pursuant to Rule 56.

>Sometime prior to the commencement of this civil action, the relationship between Menta and Brown deteriorated. The breakdown in the relationship resulted in the parties' respective claims in this action.

**LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 56 governs summary judgment motion practice. Fed. R. Civ. P. 56. Specifically, this Rule provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When evaluating a motion under Rule 56, the court must view the evidence in the light most favorable to the nonmoving party. *Galena*, 638 F.3d at 196.

Pursuant to Rule 56, the movant bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record that the movant "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden can be met by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* at 322. After the movant has met its initial burden, summary judgment is appropriate if the nonmoving party fails to rebut the movant's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A)–(B). The nonmoving party must

"do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The nonmoving party may not rely on "bare assertions, conclusory allegations or suspicions," *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982), nor rest on the allegations in the pleadings, *Celotex*, 477 U.S. at 324.  Rather, the nonmoving party must "go beyond the pleadings" and, either by affidavits, depositions, answers to interrogatories, or admissions on file, "designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.*

**DISCUSSION**

As noted, Plaintiffs seek summary judgment with respect to Menta's derivative claims and Defendants' breach of contract claims.  Each of these claims is addressed separately.

### *Menta's Derivative Claims Against Brown and Raptor360*

Menta, as the minority shareholder of ECSI360, asserts derivative claims on behalf of ECSI360 against Brown for breach of fiduciary duty (Count I), his removal as a director (Count II), and conversion (Count III), and claims against Brown and Raptor360 for unjust enrichment (Count IV).  Plaintiffs Brown and Raptor360 move for summary judgment on these derivative claims on the basis that the claims are not viable.  Specifically, Brown and Raptor360 argue that Menta did not make the requisite demand of ECSI360's board of directors before filing the claims and that Menta cannot demonstrate that the demand requirement was excused.  This Court agrees that the claims are not viable.

Under Pennsylvania law, "a plaintiff may maintain a derivative action to enforce a right of a business corporation *only if* . . . the plaintiff first makes a demand on the corporation or the board of directors requesting that it cause the corporation to bring an action to enforce the right . . . , [or] demand is excused . . . ."  15 Pa. Cons. Stat. § 1781(a) (emphasis added).  "A demand . . . is

4

excused *only if* the plaintiff makes a specific showing that immediate and irreparable harm to the business corporation would otherwise result." *Id.* at § 1781(b)(1) (emphasis added).  A demand must "be in record form and give notice with reasonable specificity of the essential facts relied upon to support each of the claims made in the demand." *Id.* at § 1781(c).  Further, "[i]f demand is excused under paragraph (1), demand shall be made promptly upon commencement of the action." *Id.* at § 1781(b)(2).

On its face, this statute clearly requires a shareholder to make a demand on the corporation before filing a derivative claim unless the shareholder "makes a specific showing that immediate and irreparable harm to the business corporation would otherwise result." *Id.* at § 1781(b)(1). Though admitting that he did not make the requisite demand, Menta argues that demand is excused for derivative suits filed against closely-held corporations like ECSI.  To support this argument—not otherwise supported by the clear and definite language of the statute—Menta points to a number of state court cases that predicted that the Supreme Court of Pennsylvania would adopt an exception to the demand requirement for closely-held corporations. (Defs. Opp., ECF 102, at pp. 10–15).  Without exception, however, all of those cases pre-date the current version of § 1781(b)(1), which the Pennsylvania General Assembly amended on November 21, 2016.  As set forth above, the current, amended version provides only a single exception to the demand requirement, *i.e.*, the exception for immediate and irreparable harm.  As such, there is no exception to the demand requirement for derivative claims against a closely-held corporation.

In the alternative, Menta argues that he has proffered evidence sufficient to meet the "immediate and irreparable harm" exception.  This Court need not decide whether the evidence meets the exception, however, because Menta has failed to meet or even address the second requirement for the limited exception.  Specifically, the statute provides that where demand is

5

excused, "demand shall be made promptly upon commencement of the action." *Id.* at § 1781(b)(2). Here, Menta provides no evidence that he ever made a post-suit demand. As such, even if Menta could meet the limited exception to the pre-suit demand requirement, his derivative claims must be dismissed because he has failed to make any post-suit demand. Accordingly, Plaintiffs' motion is granted with respect to all of Menta's derivative claims (Counts I–IV).

### *Defendants' Breach of Contract Claims*

Plaintiffs move for summary judgment with respect to the breach of contract claims asserted by Menta, ECSI II, Inc., and Environmental Control Solutions, Inc., premised on alleged loans they claim Plaintiffs have failed to repay. Plaintiffs argue that Defendants have failed to proffer evidence sufficient to substantiate the existence or essential terms of these loans. This Court disagrees.

To succeed on a claim for breach of contract, a party must prove (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (citing *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). "For a contract to be enforceable, the nature and extent of the mutual obligations must be certain, and the parties must have agreed on the material and necessary details of their bargain." *Lackner v. Glosser*, 892 A.2d 21, 30 (Pa. Super. Ct. 2006) (citations omitted).

"In cases involving contracts wholly or partially composed of oral communications, the precise content of which are not of record, courts must look to surrounding circumstances and course of dealing between the parties in order to ascertain their intent." *Boyle v. Steiman*, 631 A.2d 1025, 1033 (Pa. Super. Ct. 1993); *see also Westinghouse Elec. Co. v. Murphy, Inc.*, 228 A.2d 656, 659 (Pa. 1967). Though factual disputes are the domain of juries, on summary judgment, a

court can "determine whether a reasonable jury, considering the parties' undisputed actions and words, could find that they formed a binding oral contract." *Bennett v. Itochu Int'l, Inc.*, 2012 WL 3627404, at *15 (E.D. Pa. Aug. 23, 2012) (citation omitted).  Generally, the question whether the terms of a contract are sufficiently definite is a question of law for the court.  *Szymanski v. Sacchetta*, 2012 WL 246249, at *5 (E.D. Pa. Jan. 26, 2012).  However, where there is a genuine issue of material fact as to the terms of an alleged oral contract, a jury is required to determine those terms.  *Id.*  Further,

> If an essential term is left out of the agreement, the law will not invalidate the contract but will include a reasonable term.  For instance, if the parties do not specify price, a court will impose a reasonable price which will usually be the item's market value . . . . Because courts wish to effectuate the parties' intentions, they may enforce an indefinite contract if its terms have become definite as the result of partial performance.

*RegScan, Inc. v. Con-Way Transp. Services, Inc.*, 875 A.2d 332, 337 (Pa. Super. Ct. 2005) (quoting *Greene v. Oliver Realty, Inc.*, 526 A.2d 1192, 1194 (Pa. Super. Ct. 1987)); *see also Siematic Mobelwerke GmbH & Co. KG v. Siematic Corp.*, 643 F. Supp. 2d 675, 687 (E.D. Pa. 2009) (supplying repayment due date where contract was silent in that respect).

To support their breach of contract claims, Defendants rely on Brown's testimony, wherein he acknowledged the existence of some of these loans but disputed whether they had been paid or forgiven, and the Menta Declaration, which provides the dates and amounts of each of the purported loans.  Plaintiffs argue that the evidentiary record, including the Menta Declaration, is devoid of any evidence to establish an essential term, *i.e.*, the due date, for any of these loans.  As set forth above, however, the lack of an essential term does not automatically invalidate the contract.  *RegScan*, 875 A.2d at 337.  Thus, Plaintiffs' argument in this regard is misplaced. Defendants' breach of contract claims premised on the purported loans are subject to genuine issues of material fact.  Accordingly, Plaintiffs' motion is denied with respect to these claims.

Plaintiffs also argue that Defendants cannot meet their summary judgment burden by relying on the Menta Declaration, which Defendants submitted in opposition to Plaintiffs' motion for summary judgment. In support of this argument, Plaintiffs point to *Daubert v. NRA Group, LLC*, in which the United States Court of Appeals for the Third Circuit (the "Third Circuit") explained the "sham affidavit" doctrine, pursuant to which a district court may disregard an affidavit submitted in opposition to a motion for summary judgment. 861 F.3d 382 (3d Cir. 2017). As defined by the Third Circuit:

> [A] sham affidavit is a contradictory affidavit that indicates only that the affiant cannot maintain a consistent story or is willing to offer a statement solely for the purpose of defeating summary judgment. A sham affidavit cannot raise a genuine issue of fact because it is merely a variance from earlier deposition testimony, and therefore no reasonable jury could rely on it to find for the nonmovant.

*Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007). Despite relying on the "sham affidavit" doctrine, Plaintiffs do not point to any previous deposition testimony contradicted by the Menta Declaration. In the absence of any such contradictions, the sham affidavit doctrine has no application here.

Plaintiffs also seek summary judgment with respect to those "portions" of Defendants' breach of contract claims that are barred by Pennsylvania's four-year statute of limitations.[4] Specifically, Plaintiffs argue that they are entitled to judgment with respect to those contract claims that accrued prior to November 1, 2015—four years prior to Defendants' assertion of the breach of contract claims. In response, Defendants argue only that the statute of limitations is tolled as to

---

[4] The statute of limitations for breach of contract under Pennsylvania law is four years. 42 Pa. Cons. Stat. § 5525(a) (2004). "The statute of limitations begins to run at the time the cause of action accrues. Under Pennsylvania law, in an action for breach of contract, the action accrues when the contract is breached." *McCarthy v. Scottsdale Ins. Co.*, 1999 WL 672642, at *2 (E.D. Pa. Aug. 16, 1999).

these otherwise time-barred claims by application of the "acknowledgment doctrine." For the reasons discussed below, Defendants' argument is misplaced.

"Under the acknowledgment doctrine, 'a statute of limitations may be tolled or its bar removed by a promise to pay debt.'" *Raab v. Lander*, 427 F. App'x 182, 187 (3d Cir. 2011) (quoting *Huntingdon Fin. Corp. v. Newtown Artesian Water Co.*, 659 A.2d 1052, 1054 (Pa. Super. Ct. 1995)). The Superior Court of Pennsylvania described the doctrine's requirements as:

> A clear, distinct and unequivocal acknowledgement of a debt as an existing obligation, such as is consistent with a promise to pay, is sufficient to toll the statute. There must, however, be no uncertainty either in the acknowledgement or in the identification of the debt; and the acknowledgement must be plainly referable to the very debt upon which the action is based; and also must be consistent with a promise to pay on demand and not accompanied by other expressions indicating a mere willingness to pay at a future time. A simple declaration of an intention to discharge an obligation is not the equivalent of a promise to pay, but is more in the nature of a desire to do so, from which there is no implication of a promise.

*Huntingdon*, 659 A.2d at 410 (citations omitted).

Defendants argue that this doctrine operates to toll the statute of limitations here because Brown, individually and on behalf of ECSI360 and Element, made a promise "sometime around August through October of 2017" to pay the outstanding loans/invoices owed to Menta, Environmental Control Services, and Environmental Control Solutions. Specifically, in the Menta Declaration, Menta attests:

> Brown, on behalf of himself, ECSI360 and Element, unequivocally acknowledged to [Menta] and to the AMS evaluator that the loans and invoices referenced in Paragraphs 5, 7, 9, 11, and 13 were not only valid and outstanding, but that Brown, ECSI360 and Element would pay [Menta], Environmental Control Services and Solutions everything that we are owed as detailed above.

Brown's purported promise to pay the loans/invoices at some unspecific future time is not sufficient to trigger application of the acknowledgement doctrine and to toll the statute of

limitations.  Under the doctrine, the acknowledgement must be "consistent with a promise to pay *on demand* and not accompanied by other expressions indicating a mere willingness to pay at a future time." *Raab*, 427 F. App'x at 187 (emphasis added).  Here, Brown's purported promise did not include the requisite specificity and promise to pay *on demand*.  As such, the acknowledgment doctrine does not apply.  Accordingly, Defendants' breach of contract claims that accrued prior to November 1, 2015, are time-barred.[5]

**CONCLUSION**

The Court finds that Menta has failed to meet his summary judgment burden with respect to his derivative claims against Brown and Raptor 360. (Counts I, II, III, and IV of the Second Amended Third-Party Complaint).  Therefore, Plaintiffs' partial motion for summary judgment on these claims is granted.  In addition, this Court finds that the specific portions of Defendants' breach of contract claims identified above, *see supra* note 5, that accrued prior to November 1, 2015, are time-barred.  Thus, Plaintiffs' partial motion for summary judgment is granted with respect to these claims.  Plaintiffs' motion is denied in all other respects.  An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO, J.*

---

[5] The following breach of contract claims are time-barred: Count I of the Third Amended Counterclaims, [ECF 92], premised on contracts/invoices referenced at ¶ 71 (a)–(m); and Count XIV of the Second Amended Third-Party Complaint, [ECF 93], premised on contracts/invoices referenced at ¶ 86.